CITY OF CYNTHIANA v. HENRY E. SHAWHAN.

**Pleading—Demurrer to Petition of City for Improvements.**

A petition, fully setting out the ownership of property by a defendant, and sufficient notice to him to improve same under an ordinance, and failure, is good on demurrer.

**Same.**

This presumtively being the exercise of legitimate power, if otherwise, must be shown by the answer of the defendant setting out the facts of legislative spoliation.

APPEAL FROM HARRISON CIRCUIT COURT.

March 9, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The second and fifth sections of the charter of Cynthiana desig-

nate the number of councilmen to be elected and provides that five councilmen and the mayor shall constitute a quorum to do business, and that the affirmative vote of the five councilmen, or four, with the mayor shall be sufficient to adopt a measure, except, five councilmen shall concur in levying taxes, in the election of any officer of the city government, or the passing by-laws or ordinances. The ordinance in this case had the requisite sanction of five councilmen, and was therefore obligatory.

The original and amended petitions sufficiently aver that the defendant had property on the named streets within the city and that the city council had notified him to have it improved and that on his failure they had it done at his expense, setting out the same, and for which they asked judgment. Presumptively this was the exercise of legitimate power, but if otherwise it must be shown by defense setting out the facts showing it to be a legislative spoliation and not legitimate taxation for improvement purposes.

The demurrer was improperly sustained as to the first amended petition, wherefore, the judgment is reversed for further proceedings consistent herewith.

*Cleary & West, for appellant.*

*J. Ward, A. H. Ward, for appellee.*